New England Mutual Life Insurance Company, Appellant, v. Ida W. Miller, Appellee.

Gen. No. 8,874.

Opinion filed March 22, 1935.

JUDAH, REICHMANN, TRUMBULL, COX & STERN, of
Chicago, for appellant; ALEXANDER F. REICHMANN, of
counsel.

CHARLES D. PAGE, of Elgin, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the
court.

Appellant company, on February 14, 1934, issued
its policy of insurance upon the life of Frank L. Miller,
in the sum of $5,000, pursuant to his application made
therefor on February 8, 1934. His wife, appellee
herein, was named as beneficiary. The insured died
on March 26, 1934.

Appellant brought its complaint in chancery to the
circuit court of Kane county, on May 1, 1934, seeking
a cancellation of said policy because of certain alleged
false representations made by the insured in his ap-
plication therefor; praying that appellee, her at-
torneys and agents, might be enjoined from bringing
a suit at law upon said policy until the determination
of this suit. The complaint set out and specified
divers instances in the application by insured wherein
the answers given are alleged to have been false and
incorrect. Appellee filed her motion to dismiss the
bill of complaint, which motion is in the nature of a
demurrer, denying the right of appellant to maintain
this action. The order of the trial court refers to the
motion of appellee as a demurrer and the court by its
said order sustained the demurrer and dismissed the
bill of complaint.

Appellant in its bill of complaint, after making
specific references to the false and incorrect represen-
tations of the insured, alleges that said policy of in-
surance would not have issued except that appellant
relied upon such alleged false and untrue representa-
tions. The contract of insurance further provided

that it should not take effect unless and until the application was approved by the insurer at its home office and the first premium paid thereon while the proposed insured was in good health. The allegations of the complaint clearly show that the insured was suffering at the time of procuring this policy, from the ailments from which he died some forty days later. It is charged in the complaint that the insured in answer to one question with reference to whether he had ever previously applied for insurance which was denied, responded in the negative. Appellant alleges that this answer the insured knew to be false and untrue, because of the fact that he was denied insurance by another company on February 1, 1934, on account of one of the ailments from which he died. Appellant urged that unless it receives the relief sought herein, upon the expiration of the two-year period in the policy, the same will then become incontestable and appellant would have no defense thereto upon a suit at law by appellee to recover.

Appellee contends that equity will not intervene to cancel a life insurance policy, after the death of the insured, because of false and untrue statements made by such insured in his application therefor.

Since the trial of this cause and the filing of the briefs by the parties in this court, the right of appellant to maintain this action has been determined in the case of *Western & Southern Life Ins. Co. v. Tomasun*, 358 Ill. 496, wherein it is held the right exists on the part of an insurer to maintain such an action.

This cause is therefore reversed and remanded to the circuit court of Kane county with directions that the motion of appellee to dismiss this suit be denied.

*Reversed and remanded with directions.*